UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE VERDUN, et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>       Defendants. | Case No.: 19-CV-839-AJB-WVG<br><br>**ORDER ON JOINT MOTION FOR PROTECTIVE ORDER** |

On May 28, 2020, the Parties filed a Joint Motion for Protective Order. (Doc. No. 20.) The Joint Motion seeks to preserve the confidentiality of certain documents and information to be exchanged in the course of this litigation. Having reviewed and considered the Parties' submission, the Court finds the Joint Motion complies with all applicable rules, including this Court's Civil Chambers Rule V: Stipulated Protective Order Provisions for Filing Documents under Seal. Accordingly, the Court GRANTS the Parties' Joint Motion. Upon issuance of this Order, the following language, as agreed to by the Parties and reflected in their proposed order as lodged with this Court's Chambers, shall become enforceable:

The Court recognizes that at least some of the documents and information ("Materials") being sought through discovery in the above-captioned action are kept confidential by the City. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action subject to the exclusion set forth in Paragraph 31.

The Materials to be exchanged throughout the course of the litigation between the parties may contain Employee Personal Information as that term is defined herein. The purpose of this Order is to protect the confidentiality of such Materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "Employee Personal Information" shall mean private information in the City's records identifying a current or former employee's home address, personal telephone number, personal cell phone number, personal email address, personnel records, benefits information, emergency contact or any other private information relating to the employee.

2. The term "Confidential Information" shall mean and include information contained or disclosed in any Materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is Employee Personal Information

3. The term "Materials" shall include, but is not be limited to documents, discovery responses, correspondence, memoranda, audits, lists, compilations, reports, disclosures and other documents that contain, describe or identify Confidential Information, including Employee Personal Information.

4. The term "counsel" will mean counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed by or associated with the law firms:

/ / /

<u>Khashayar Law Group</u>
501 West Broadway, Suite 800
San Diego, CA 92101
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

<u>Hariri Law Group</u>
402 West Broadway, Floor 22
San Diego, CA 92101

**GENERAL RULES**

5. Each party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL."

6. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information would violate the privacy interest of the individual whose information is disclosed.

7. In the event the producing party elects to produce Materials for inspection that contain Confidential Information, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced for inspection will be considered "CONFIDENTIAL" and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those Materials that contain Confidential Information with the "CONFIDENTIAL" marking.

8. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information:

    a. The deposition, portions of the deposition and deposition exhibits may be designated as containing Confidential Information subject to the provisions of this

Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions and deposition exhibits as containing Confidential Information after transcription of the proceedings. Any party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript or deposition exhibits to be designated "CONFIDENTIAL."

      b.    The disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 13 below; and

      c.    The originals of the deposition transcripts and exhibits and all copies of the deposition and exhibits must bear the legend "CONFIDENTIAL," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

9.    All Confidential Information designated as "CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

10.    Materials designated "CONFIDENTIAL" may be viewed only by counsel (as defined in paragraph 4) of the receiving party, and by independent experts under the conditions set forth in this Paragraph 10. The right of any independent expert to receive any Confidential Information will be conditioned on the expert executing the certification attached hereto as Exhibit A, in advance of any party providing any Confidential Information of the producing party to the expert.  The party retaining the expert shall maintain a copy of the certification and produce it upon request by the party that produced the Confidential Information. A request for expert certifications shall only be

made if the producing party discovers an instance of improper disclosure of Confidential Information.

11. Materials designated "CONFIDENTIAL" may be viewed by counsel (as defined in paragraph 4) of the receiving party, by independent experts (pursuant to the terms of paragraph 10) and by court personnel. Materials designated "CONFIDENTIAL" may not be viewed by any named or unnamed Plaintiffs except as provided in paragraphs 12 below.

12. Materials designated "CONFIDENTIAL" may be viewed by any person deemed to be an authorized user, custodian, originator, author or recipient of a copy of the Materials.

13. All information which has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 7, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

14. Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such Material must seek permission of the Court to file the Material under seal.

15. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

16. At any stage of these proceedings, any party may object to a designation of Materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to Materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) court days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The Materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

17. All Confidential Information must be held in confidence by those inspecting or receiving it and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

18. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

19. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the

document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the Materials as confidential after the designating party so notifies the receiving party. If the receiving party has disclosed the Materials

/ / /

before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.

20. Nothing within this order will prejudice the right of any party to object to the production of any discovery Materials on the grounds that the Materials are protected as privileged or as attorney work product.

21. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

22. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure, California Statutes or the California Code of Regulations.

23. Nothing within this order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

24. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or

incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

25. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

26. The restrictions and obligations within this order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

27. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

28. This Order may be modified by agreement of the parties, subject to approval by the Court.

29. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify

/ / /
/ / /
/ / /
/ / /
/ / /

the Order and the content of those modifications, prior to entry of such an order.

**IT IS SO ORDERED.**

Dated: June 2, 2020

Hon. William V. Gallo
United States Magistrate Judge